JOHN W. HUBER, United States Attorney (#7226)
TYLER L. MURRAY, Assistant United States Attorney (#10308)
Attorneys for the United States of America
111 South Main Street, Suite 1800 | Salt Lake City, Utah 84111
Tel: (801) 524-5682 | Fax: (801) 325-3310

## IN THE UNITED STATES DISTRICT COURT

## DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>2014 JEEP GRAND CHEROKEE,<br>VIN: 1C4RJFDJ4EC309681,<br><br>Defendant. | AMENDED VERIFIED COMPLAINT FOR FORFEITURE *IN REM*<br><br><br>Case No. 2:16CV001145 CW<br><br>Judge Clark Waddoups |

Pursuant to Supplemental Rule G(2) of the Federal Rules of Civil Procedure, the United States of America files this in rem action for forfeiture. The United States alleges:

### NATURE OF THE ACTION

1.      This is a forfeiture action under 21 U.S.C. § 881(a)(6) and 18 U.S.C. § 981(a)(1)(A).  The United States seeks forfeiture of a 2014 Jeep Grand Cherokee, VIN: 1C4RJFDJ4EC309681 ("Jeep") because this property was purchased with proceeds from the sale or exchange of a controlled substance in violation of 21 U.S.C. § 841(a)(1).  It also seeks forfeiture of the Jeep because it was involved in a transaction conducted in violation of 18 U.S.C. § 1957.

### JURISDICTION AND VENUE

2.      This Court has subject matter jurisdiction over this matter under 28 U.S.C. §§ 1345 and 1355(a) and in rem jurisdiction is proper under 28 U.S.C. § 1355.

3.      Venue in this Court is proper under 28 U.S.C. §§ 1355(b)(1)(A) and 1391(b) because the acts giving rise to the forfeiture occurred in the District of Utah, and 28 U.S.C. § 1395 because the Defendant property was seized in the District of Utah.

## PARTIES

4.      Plaintiff is the United States of America.

5.      The Defendant Property is identified as a:

- 2014 Jeep Grand Cherokee, VIN: 1C4RJFDJ4EC309681

6.      The Defendant Property has been seized pursuant to a seizure warrant and is currently in the custody of the Federal Bureau of Investigation.  The United States does not request authority from the court to seize the Defendant Property at this time.

## FACTS

7.      In approximately May 2013, as part of an investigation of the drug trafficking activities of Wayne LeRoy Burr, law enforcement conducted a surveillance operation on an auto shop in Salt Lake City that Mr. Burr used for his drug distribution activities.

8.      During the surveillance of Mr. Burr's house, law enforcement observed, on several occasions, individuals moving methamphetamine and heroin in and out of the auto shop.

9.      Investigators found that Mr. Burr operated primarily in cash, and purchased vehicles primarily in cash.  Mr. Burr's state tax returns reported an income of $16,403.00 in 2010 and $13,186.00 in 2011.  Mr. Burr did not file a tax return in 2012.

10.      Between February 12, 2013 and November 23, 2013, Mr. Burr purchased multiple vehicles from local dealerships.  The investigation revealed that Mr. Burr purchased these

vehicles, but had the vehicles titled in the name of nominees. Investigators nevertheless observed Mr. Burr using the vehicles.

11.     On August 16, 2013, pursuant to a court order authorizing the interception of communications, law enforcement officers intercepted a conversation between Mr. Burr and the Finance Manager at Ken Garff West Valley Dodge. Mr. Burr had previously purchased a number of vehicles from this dealership. Mr. Burr told the Finance Manager that he wanted to purchase another vehicle.

12.     Later, on October 7, 2013, David Miramontes, Mr. Burr's relative who was also involved in the distribution of controlled substances, went to the Ken Garff West Valley Dodge dealership and purchased a 2014 Jeep Cherokee with cash. (A copy of the sales receipt from the dealership is attached as Exhibit 1)

13.     Specifically, on October 7, 2013, Mr. Miramontes made a $70,000.00 cash payment toward the purchase of the Jeep. (A copy of a deposit slip for the receipt of this cash is attached as Exhibit 2). On October 29, 2013, Mr. Miramontes paid another $5,000.00 in cash toward the Defendant Jeep. (A copy of the cash receipt for $5,000 is attached as Exhibit 3). On November 25, 2013, Mr. Miramontes paid the remaining balance of $3,800.00 in cash for the purchase of the Jeep. (A copy of the cash receipt for $3,800 is attached as Exhibit 4). Mr. Miramontes later admitted that he knew this at least a portion of this cash represented the proceeds of drug trafficking.

14.     Moreover, investigators found that Mr. Miramontes had no legitimate source of income sufficient to pay cash for the Jeep. Mr. Miramontes did not file a tax return for 2010,

3

2011 or 2012.  The Department of Workforce Service records indicate that Mr. Miramontes

earned $0.00 in 2010, $1,343.00 in 2011, $714.00 in 2012 and $0.00 in 2013 for reportable

wages.

      15.     On March 28, 2014, the United States obtained a seizure warrant for the Jeep.

Law enforcement agents were unable to locate the Jeep during the execution of the original

seizure warrant.  *See* 2:14MJ84 PMW.

      16.     On October 29, 2014, Mr. Miramontes, pleaded guilty to Possession of

Methamphetamine with Intent to Distribute and Money Laundering in violation of 21 U.S.C. §

841(a)(1) and 18 U.S.C. § 1957.  In his plea agreement, Mr. Miramontes admitted to purchasing

the Jeep from an auto dealership and using cash from drug trafficking for at least part of the

purchase price for the Defendant Jeep.   *See United States of America v. David Miramontes*,

2:14CR00154 DN, ECF No. 178.

      17.     Investigators later learned that the Jeep was located in an outbuilding near the

rural home where Mr. Burr and Mr. Miramontes's mother lived.

      18.     On July 11, 2016, a new federal seizure warrant was issued for the Jeep.  *See*

2:16MJ380-JPO.  Agents seized the Jeep and it is now in federal custody.

      19.     The FBI initiated an administrative forfeiture proceeding against the Jeep.

Despite his earlier admission that he purchased the Jeep using the proceeds of drug trafficking,

Mr. Miramontes filed a claim that he owned the Jeep in the administrative proceeding.

## COUNT 1

### 21 U.S.C. § 881(a)(6)

20.     The United States reasserts all allegations previously made.

21.     21 U.S.C. § 881(a)(6) provides for the forfeiture of "All moneys, negotiable instruments, securities, or other things of value furnished or intended to be furnished by any person in exchange for a controlled substance or listed chemical in violation of this subchapter, all proceeds traceable to such an exchange, and all moneys, negotiable instruments, and securities used or intended to be used to facilitate any violation of this subchapter."

22.     As set forth above, the Defendant Property is subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6) on the grounds that the Jeep was purchased with proceeds from the sale or exchange of a controlled substance.

## COUNT 2

### 18 U.S.C. § 981(a)(1)(A)

23.     The United States reasserts all allegations previously made.

24.     18 U.S.C. § 981(a)(1)(A) provides for forfeiture of "Any property, real or personal, involved in a transaction or attempted transaction in violation of section 1956, 1957 or 1960 of this title, or any property traceable to such property."

25.     As set forth above, the Defendant Property is subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(A) on the grounds that it was involved in a transaction conducted in violation of 18 U.S.C. § 1957.

REQUEST FOR RELIEF

WHEREFORE, the United States respectfully asserts that the Defendant Property is forfeitable to the United States under 21 U.S.C. § 881(a)(6) and 18 U.S.C. § 981(a)(1)(A).

The United States further requests:

A.     That Notice of this action be given to all persons known or thought to have an interest in or right against the Defendant Property;

B.     That a Judgment of Forfeiture be decreed against the Defendant Property;

C.     That upon the issuance of a Judgment of Forfeiture, the United States Marshals Service dispose of the Defendant Property according to law; and

D.     That the United States receives its costs of court and all further relief to which it is entitled.

DATED this 23 day of March, 2017.

JOHN W. HUBER
United States Attorney


TYLER L. MURRAY
Assistant U.S. Attorney

## VERIFICATION

I am a Special Agent with the Federal Bureau of Investigation.  As a Special Agent with the FBI, my duties and responsibilities include participating in the investigation and prosecution of persons who violate federal laws.

I have read the contents of the foregoing Amended Complaint for Forfeiture *In Rem* and verify under penalty of perjury pursuant to 28 U.S.C. § 1746 that the statements contained therein are true and correct to the best of my knowledge and belief.

Executed on this _23_ day of March, 2017.


_____
Jason Kennedy, Special Agent
Federal Bureau of Investigation

# EXHIBIT 1

1J 4025'

```
REF# 1J40257          CUSTOMER# 560076
========================================
DAVID DANIEL MIRAMONTES
372 SO EMERY ST
SLC, UT 84104
HOME# 8019791171         BUS#

DATE OF SALE 10/07/2013

        SALESPERSON INFORMATION
========================================
FI MNGR : JUSTIN J. KENNEDY
BRET PACE (5033)               260.87
STEPHEN PRETORIUS (18151)      260.87


REF# 1J40257   VEHICLE SALE  STK# 1J40257
========================================
SALE AMOUNT...  71125.00   COST   65199.00
DOCUMENT FEE..    299.00
LICENSE FEE...     83.92
SALES TAX.....   5029.41
INSURANCE.....      0.00
SERV. CONTRACT
OTHER CREDITS.    554.00
TRADE-IN ACV..      0.00
LESS: PAY-OFF.      0.00
OVERALLOWANCE.
CASH..........
A/R AMT.......      0.00
CONTRACT AMT..  78690.33   CASH DEAL
OTHER DEBITS..  -1599.00
FI-INCOME.....      0.00
```



```
STK# 1J40257    NEW VEHICLE
========================================
DATE OF PURCHASE   10/04/2013
MAKE    JEEP        YEAR    14
MODEL#  WKJX74         CARLINE GRAND CHEROKEE
SERIAL# 1C4RJFDJ4EC309681
MODEL DESC.   SRT8 4WD

VENDOR    CHRYSLER GROUP LLC   (301003)
KEY1 / KEY2 M0944/7372
INV COST   $65,199.00
ACCESSORIES X9,AHX,DFD,RH1
```

MIRAMONTES

11/4

| NAME | DATE | SALES PERSON | STOCK # | DEAL # |
|------|------|--------------|---------|--------|
| | 10·07·13 | BRET/STEPHEN | 1J40257 | 211484 |

## Car Description

Stock # 1J40257

Year 14   Make JEEP

Color RED

Model SRT8   Miles 4

Vin # 1C4RJFDJ4EC309681

Etch # DCAA620131212

## Trade-in # 1

Stock #

Year        Make

Model        Miles

Vin

Color        Cyl

Payoff amount

Stock

N/T

## Trade-in # 2

Stock #

Year        Make

Model        Miles

Vin #

Color        Cyl

Payoff amount

Stock #

## Sales Checklist

Credit App Signed

Worksheet        Agreement to Furnish Ins

DL Copies        Ins Card        Down Payment

Any Stipulations Required

## Insurance

Company

Agent                Phone #

Policy #                Exp. Date:

Address

City/ State                Zip

## Lender        Date        F&I Notes

TREVOR

# CASH

BOOKED
11/5/13

EMAIL ☐
CAL-PRO ☐
BUSINESS LINK ☐

11·4

# EXHIBIT 2

CHASE ⬡

CHASE ⬡

Special benefits for Chase checking
customers! Take advantage of exclusive
offers on many Chase products. To learn
more visit chase.com/exclusives
or talk to a banker today!

My Transaction Summary

*******************************************

Transaction #79
Account Number Ending In:           4388
Checking Deposit                $70,000.00

Cash Amount                     $70,000.00

CHASE ⬡

Further review may result in delayed
availability of this deposit
.........................................

JPMorgan Chase Bank, N.A.
West Valley City, Branch 000208
1-800-935-9935
Member FDIC, Equal Housing Lender
Please keep your receipt
10/07/2013 16:53

CHASE ⬡

Business Date 10/07/2013
Session #36

Thank you - Janet
Cashbox #06

CHASE ⬡

# EXHIBIT 3

Receipt

Cash Received From          560076

**DAVID DANIEL MIRAMONTES**
**372 SO EMERY ST**
**SLC, UTAH 84104**

| Number | | 30095441 |
| --- | --- | --- |
| Received by | LAURIE A. GARDNER | |
| Date. | 10/07/13 | |
| Time | 18:07 | |

| Account | Amount | Control Number |
| --- | --- | --- |
| 030-11220-000 | 70000.00 | 560076 |

| Payment Type | Amount |
| --- | --- |
| CASH | 70000.00 |

Signature

1J40257

PAGE 1



West Valley Chrysler, Jeep, Dodge



---

Receipt

Cash Received From          560076

**DAVID DANIEL MIRAMONTES**
**372 SO EMERY ST**
**SLC, UTAH 84104**

| Number | | 30096580 |
| --- | --- | --- |
| Received by | CHRISTINE E STEMPNIAK | |
| Date. | 10/29/13 | |
| Time: | 13:59 | |

| Account | Amount | Control Number |
| --- | --- | --- |
| 030-11211-000 | 5000.00 | 560076 |

| Payment Type | Amount |
| --- | --- |
| CASH | 5000.00 |

1J40257
RCT 756114



PAGE 1

# EXHIBIT 4

0201A163CCASH112013

Receipt

Cash Received From

**560076**

**DAVID DANIEL MIRAMONTES**
**372 SO EMERY ST**
**SLC, UTAH 84104**

Number                **30097545**

LAURIE A. GARDNER
11/25/13
14:32

| Account | Amount | Control Number |
|---------|--------|----------------|
| 030-11220-000 | 3690.33 | 560076 |
| 030-11220-000 | 109.67 | 560076 |

| Payment Type | Amount |
|--------------|--------|
| CASH | 3800.00 |

28

**RECEIPT**  DATE 11/21/2013  No. 756150   $ 3800 00

RECEIVED FROM David Miramontes

St # 211464   Cnt # 560076  DOLLARS

IJ40257

○ FOR RENT
○ FOR _____

| ACCOUNT | | ○ CASH |
|---------|-|--------|
| PAYMENT | 3600 00 | ○ CHECK |
| BAL. DUE | | ○ MONEY ORDER |
| | | ○ CREDIT CARD |

FROM _____  TO _____

BY _____

**1J40257**
**REC#756150**

PAGE 1

Automotive Group

Reynolds and Reynolds  CC06D979 Q (11/06) 66762758 Q (02/06)